**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) Case No. 10-5086 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING APPLICATION |
| | ) FOR DEFAULT JUDGMENT |
| v. | ) |
| | ) |
| ANTON ISON TORRES and FRANCES ISON | ) |
| TORRES, individually, and d/b/a | ) |
| KENKOY'S GRILL, | ) |
| | ) |
| Defendants. | ) |

I.   **INTRODUCTION**

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") seeks entry of Default Judgment against Defendants Anton Ison Torres ("Anton Torres") and Frances Ison Torres ("Frances Torres"), individually and doing business as Kenkoy's Grill (collectively, "Defendants").  ECF No. 15 ("Appl. for Default J.").  Having considered the papers submitted, the Court concludes that entry of Default Judgment against Defendants is appropriate, and GRANTS Plaintiff's Application.

II.   **BACKGROUND**

The following allegations are taken from Plaintiff's Complaint.  Plaintiff is a California corporation with its

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1   principal place of business in Campbell, California.  ECF No. 1

2   ("Compl.") ¶ 6.  Defendants are the owners and operators of

3   Kenkoy's Grill in Hayward, California.  Id. ¶¶ 7-8.  Plaintiff was

4   granted the exclusive, nationwide television rights to

5   "'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight

6   Championship Fight Program," a November 14, 2009 closed-circuit

7   telecast of boxing matches and commentary ("the program").  Id. ¶

8   10.  Plaintiff entered into sublicensing agreements that gave

9   commercial establishments in the hospitality industry the right to

10  publicly exhibit the program.  Id. ¶ 11.

11      Plaintiff alleges that Defendants willfully and unlawfully

12  intercepted and exhibited the program at the time of its

13  transmission at Kenkoy's Grill.  Id. ¶¶ 12-13.  Plaintiff brings

14  this action alleging violations of 47 U.S.C. §§ 605 and 553,

15  conversion, and violation of California Business and Professions

16  Code §§ 17200, et seq.  Id. ¶¶ 9-37.

17

18  **III.  LEGAL STANDARD**

19      After entry of a default, the Court may enter a default

20  judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do

21  so, while discretionary, is guided by several factors.  Aldabe v.

22  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  As a preliminary

23  matter, the Court must "assess the adequacy of the service of

24  process on the party against whom default is requested."  Bd. of

25  Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395,

26  2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If

27  the Court determines that service was sufficient, it should

28

consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. __DISCUSSION__

### A. __Service of Process__

Federal Rule of Civil Procedure 4(e)(2)(A) provides that an individual may be served by delivering a copy of the summons and of the complaint to the individual personally.  Alternatively, Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by following state law in the state where the district court is located or where service is made.  California law provides that, in lieu of personal service,

> a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint . . . to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).  This method of service on a

natural person is available only after the exercise of "reasonable diligence" proves ineffective in accomplishing service by personal delivery.  See id.

Here, copies of the summons and Complaint were delivered to Anton Torres personally at Kenkoy's Grill on December 17, 2010.  ECF No. 6 ("Proof of Service on Anton Torres").  After four attempts to serve Frances Torres at Kenkoy's Grill, service was left with "Anttennet Doe" ("Doe"), the person in charge at Kenkoy's Grill on December 23, 2010.[1]  ECF No. 7 ("Proof of Service on Frances Torres").  The process server estimates that Doe was twenty-five years old.  Id.  Doe was instructed to deliver the documents to Frances Torres.  Id.  On December 27, 2010, copies of the summons, Complaint and other relevant documents were mailed to Frances Torres at Kenkoy's Grill.  Id.  Accordingly, the Court finds that service of process was adequate as to both Anton Torres and Frances Torres.

**B.   Default Judgment**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).  Therefore, the Court accepts as true the facts as presented in the Complaint.  Plaintiff seeks statutory damages under 47 U.S.C. §§ 605(e)(3)(B)(iii) & (c)(ii) and compensatory damages under state common law conversion.  See ECF No. 15-1 ("Mem. of P. & A.") at 2.[2]

---

[1] Anttennet Doe refused to provide her last name.

[2] Plaintiff's submissions to the Court in connection with this application for default judgment make no claim for relief under

**United States District Court**
For the Northern District of California

Here, the <u>Eitel</u> factors favor default judgment.  If Plaintiff is not granted default judgment, it will not be able to recover its costs for its purchase of the exclusive distribution rights to the program.  This possibility of prejudice to Plaintiff supports default judgment.  Defendants have failed to defend this lawsuit and have made no showing of excusable neglect.

Plaintiff's Complaint asserts claims under sections 605 and 553 of title 47 of the United States Code.  Compl. ¶¶ 9-23. Section 605 prohibits the unauthorized interception of radio or satellite communications, and section 553 prohibits the unauthorized interception of cable signals.  <u>See</u>, <u>e.g.</u>, <u>California Satellite Sys. v. Seimon</u>, 767 F.2d 1364, 1366 (9th Cir. 1985); <u>J & J Sports Prods., Inc. v. Manzano</u>, No. 08-1872, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.  But he cannot violate both by a single act of interception.").

Here, Plaintiff contends that because Defendants have failed to respond to the Complaint, Plaintiff cannot determine the precise means Defendants used to receive the program unlawfully.  Mem. of P. & A. at 3.  Plaintiff moves for statutory damages under section 605 only.  <u>See</u> ECF No. 15-5 ("Proposed Order").  Given Defendants' failure to participate in this litigation, the Court finds it appropriate to award damages under 47 U.S.C. § 605.

Plaintiff has also adequately alleged a state law claim for conversion.  Plaintiff's Complaint is, therefore, sufficient, and

California Business and Professions Code §§ 17200 <u>et seq</u>.  The Court therefore considers Plaintiff to have abandoned this claim.

Plaintiff's claims appear to have merit.  Plaintiff seeks statutory damages of $110,000 and conversion damages of $2200.  See Proposed Order.  As explained below, the Court has discretion to award a lesser amount under section 605.  Thus, the sum of money at stake is not so large as to weigh against granting default judgment.  Overall, the Eitel factors weigh in favor of default judgment.

**C.   Remedy**

      1.   Damages Under Section 605

Plaintiff seeks the maximum statutory damages of $110,000 based on a willful violation of Section 605.  App. for Default J. ¶ 5.  Under this statute, an aggrieved party "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  If the "court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ."  Id. § 605(e)(3)(C)(ii).  Here, because of the extreme unlikelihood that Defendants inadvertently acquired the signal to display the fight, coupled with Defendants' failure to appear in this lawsuit, the Court finds that Defendants acted willfully and for the purposes of commercial advantage.  Therefore, enhanced damages are warranted under section 605.  See, e.g., Time-Warner Cable of New York City v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) (finding signal interception willful because "signals do not descramble spontaneously, nor do television sets connect themselves

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   to cable distribution systems").

2       Courts in this circuit have granted widely varying awards

3   ranging from near the minimum statutory award of $1,000 to near the

4   maximum of $110,000, depending on such factors as the capacity of

5   the establishment, the number of patrons in attendance, and whether

6   a cover charge was required for entrance.  See, e.g., J & J Sports

7   Prods., Inc. v. Cardoze, 2010 U.S. Dist. LEXIS 74606, at *13 (N.D.

8   Cal. July 9, 2010) (awarding $1,250 in statutory damages for

9   willful interception and exhibition of boxing program); J & J

10  Sports Prods., Inc. v. Ferreyra, CIV S-08-128, 2008 WL 4104315, at

11  *1 (E.D. Cal. Aug. 28, 2008) (awarding $100,000 where defendant was

12  a repeat offender).  In Ferreyra, the court emphasized that a large

13  award was warranted because the defendant was on notice from a

14  prior lawsuit that pirating a commercial signal was unlawful.  Id.

15  at *1.

16      Here, there is no evidence that Defendants are repeat

17  offenders.  Defendants did not impose a cover charge, and there is

18  no evidence that the restaurant charged a premium for food and

19  drinks that night.  ECF No. 15-3 Ex. 1 ("Poblete Aff.").  The

20  report of Plaintiff's investigator John Poblete ("Poblete")

21  indicates that the program was displayed on four televisions and

22  was shown on an entire wall of the restaurant via a projection

23  machine.  Id.  Poblete estimates the capacity of the restaurant was

24  about eighty people.  Id.  He performed three headcounts during his

25  visit, counting forty-six, forty-eight, and fifty patrons present.

26  Id.

27

28

United States District Court
For the Northern District of California

This Court previously entered default judgment against a different restaurant for intercepting the same program at issue here. See J & J Sports Prods. v. Marcaida, No. 10-5125, 2011 U.S. Dist. LEXIS 58116, at *12 (N.D. Cal. May 31, 2011). In Marcaida, the restaurant had a capacity of seventy-five, headcounts showed approximately thirty-five patrons in attendance, the program was displayed on two televisions, and there was no cover charge. Id. at *2. The Court awarded damages under section 605 equal to three times the cost the defendant would have paid to lawfully exhibit the program. Id. at *12. Here, Kenkoy's Grill has about the same capacity of the restaurant in Marcaida, but the program was displayed on twice as many televisions and was displayed via projector on an entire wall of the restaurant. Approximately ten more patrons were in attendance. Accordingly, the Court finds that a larger award is appropriate here. The Court awards Plaintiff $8,800 -- four times the cost Defendants would have paid to lawfully exhibit the program.

   2. Conversion

Plaintiff also seeks $2200 in damages for its conversion claim. Mem. of P. & A. at 15. Damages for conversion must be based on the value of the property at the time of the conversion. See Krueger v. Bank of America, 145 Cal. App. 3d 204, 215 (Ct. App. 1983). The rate to license the program for a venue with a capacity of eighty people was $2200. ECF No. 15-4 ("Pl.'s Aff.") Ex. 2. Plaintiff has adequately pleaded a conversion claim, and so the Court awards Plaintiff $2200 in compensatory damages for conversion.

**United States District Court**
For the Northern District of California

3.   <u>Attorneys' Fees and Costs</u>

Under section 605, recovery of full costs and attorneys' fees to the prevailing party is mandatory.  47 U.S.C. § 605(e)(3)(B)(iii).  Here, Plaintiff has not provided an accounting of attorney fees or costs.  Thus, the Court cannot award fees and costs at this time.

**V.   CONCLUSION**

The Court GRANTS the Application for Default Judgment filed by Plaintiff J & J Sports Productions, Inc. against Defendants Anton Ison Torres and Frances Ison Torres.  The Court awards Plaintiff a total of $11,000.  This award consists of $8,800 in statutory damages under 47 U.S.C. § 605, and $2,200 in compensatory damages for conversion.

If Plaintiff intends to seek attorneys' fees and costs, Plaintiff shall file its request, supported by an itemized accounting of fees and costs, within ten (10) days of this Order. Upon receipt and consideration of this declaration, the Court will enter judgment in an appropriate amount in favor of Plaintiff and against Defendants.  Failure to timely file this declaration will result in a waiver of the request for fees and costs.

IT IS SO ORDERED.

Dated: August 24, 2011

_____
UNITED STATES DISTRICT JUDGE